# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

CORTEZ J. JACKSON,

                    Petitioner,    :      Case No. 2:25-cv-00795

  - vs -                          District Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Michael R. Merz

ROCHELLE MOORE, WARDEN,
  Pickaway Correctional Institution,

                                :
            Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Cortez Jackson, is before the Court for decision on the merits.  Relevant pleadings are the Petition (ECF No. 3), the State Court Record (ECF No. 8) and the Return of Writ (ECF No. 10).  Although Magistrate Judge Bowman, to whom this case was originally referred, set a reply date of twenty-one days after the Return was filed (Order for Answer, ECF No. 4), that deadline passed on February 27, 2026[1], and no reply has been filed.  The case is therefore ripe for decision on the pleading already filed.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 11).

---

[1] The deadline was extended three days under Fed.R.Civ.P. 6 because Petitioner was served by mail.

1

**Litigation History**

On August 26, 2021, a Franklin County grand jury returned an indictment charging Petitioner with one count of purposeful murder, in violation of Ohio Revised Code § 2903.02(A); one count of felony murder, in violation of Ohio Revised Code § 2903.02(B); one count of domestic violence, in violation of Ohio Revised Code § 2919.25; one count of tampering with evidence, in violation of Ohio Revised Code § 2921.12; and one count of having weapons while under disability, in violation of Ohio Revised Code § 2923.13. Both of the murder charges and the tampering with evidence charge contained accompanying firearm specifications. The charges arose from the August 19, 2021, death of Alyse Sharrae Edwards (Indictment, State Court Record, ECF No. 8, Ex. 1).

A trial jury found Jackson not guilty of purposeful murder, but guilty of felony murder and tempering with evidence.  The trial judge found Jackson guilty of having weapons under disability which was tried to the Court.  He then sentenced Jackson to be imprisoned for eighteen years to life (Judgment Entry, State Court Record, ECF No. 8, Ex. 6).

Jackson appealed to the Ohio Tenth District Court of Appeals, pleading the single assignment of error that the conviction was not supported by sufficient evidence and was against the manifest weight of the evidence (Appellant's Brief, State Court Record, ECF No. 8, Ex. 9, PageID 80).  The Tenth District affirmed,  *State v. Jackson*, 2024-Ohio-2721 (Ohio App. 10th Dist. Jul. 18, 2024); and the Ohio Supreme Court declined to exercise further appellate jurisdiction, *State v. Jackson*, 175 Ohio St. 3d 1518 (Oct. 29, 2024).

On October 25, 2024, Jackson filed a *pro se* Application to Reopen his appeal pleading two claims of ineffective assistance of trial counsel (State Court Record, ECF No. 8, Ex. 15).  The Tenth District denied the Application as untimely. *Id.* at Ex. 17.  Jackson did not appeal to the

2

Ohio Supreme Court.

On August 4, 2025[2], Jackson filed the instant Petition for Writ of Habeas Corpus pleading one ground for relief, albeit with two sub-claims:

> **Ground One**: The trial court erred and deprived Petitioner of due process of law as guaranteed by the 14th Amendment to the U.S. Constitution and Article I, Section 8 of the Ohio Constitution by finding him guilty of murder and tampering with evidence, as those verdicts were not supported by sufficient evidence and were against the manifest weight of the evidence.

(Petition, ECF 3, PageID 38-43).

Respondent argues the second branch of Ground One is not cognizable in habeas corpus. That is, a claim that a judgment is against the manifest weight of the evidence does not state a claim under the United States Constitution. The Magistrate Judge agrees. A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). The manifest weight sub-claim should be dismissed.

On the other hand, the insufficiency of the evidence sub-claim does state a claim under the Fourteenth Amendment. An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

---

[2] Respondent concedes the Petition was timely filed under 28 U.S.C. 2244(d).

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*  A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the

4

> prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).  The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims.  *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is

contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Tenth District Court of Appeals decided Jackson's sufficiency claim as follows:

> **{¶ 14}** Whether there is legally sufficient evidence to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541 (1997). Sufficiency is a test of adequacy. *Id*. The relevant inquiry for an appellate court is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt. *State v. Mahone*, 10th Dist. No. 12AP-545, 2014-Ohio-1251, ¶ 38, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37.

> **{¶ 15}** Here, the jury found Jackson guilty of one count of murder and one count of tampering with evidence, and the trial court found Jackson guilty of one count of having a weapon while under disability.4 R.C. 2903.02(B) states that "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence." This offense is known as "felony murder," and felonious assault is an example of an offense of violence. Under R.C. 2903.11(A)(1), "[n]o person shall knowingly * * * [c]ause serious physical harm to another." As to the offense of tampering with evidence, R.C. 2921.12(A)(1) states investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any * * * thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."

> **{¶ 16}** Jackson does not directly challenge the evidentiary establishment of any specific element of these offenses; instead, he argues Edwards' death was the result of their physical struggle for control of the firearm after Edwards angrily confronted Jackson for suggesting their third child, like the other two, would be removed from her care. Jackson acknowledges his DNA was found on the firearm, but he explains this was because he picked up the firearm

and placed it in the toilet after Edwards was shot. Relatedly, he asserts the absence of gunshot residue on his hands indicates he was not near the firearm when it discharged, and therefore he did not pull the trigger. When viewed in favor of the prosecution, however, the evidence demonstrated all the elements of murder and tampering with evidence.

**{¶ 17}** The evidence showed that Edwards was fatally shot one time in the abdomen. Jackson testified that, although he was physically struggling with Edwards when she was shot, he did not pull the trigger of the firearm in Edwards' possession. He suggests the firearm may have been jostled enough to cause it to discharge the projectile, without anyone pulling the trigger, or Edwards herself pulled the trigger. But testimony indicated that it would be very unlikely for the weapon to fire unless the trigger was pulled. Immediately after being shot, Edwards begged for aid from others in the area, knocking on the neighbor's door and saying "help" to someone entering the apartment building. This reasonably indicated she was trying to get away from Jackson after being shot. Although no gunshot residue was found on Jackson's hands, this fact did not necessarily establish that he did not fire the weapon, as the evidence also demonstrated that his DNA was found on the weapon, gunshot residue is easily washed off, and, immediately after the shooting, Jackson placed the fired weapon inside the covered water tank behind the apartment's toilet. Thus, the jury reasonably found that Jackson knowingly pulled the trigger and shot Edwards, killing her. Further, Jackson's placement of the firearm in the water tank reasonably demonstrated his intent to hide the weapon used to shoot Edwards, clearly a piece of physical evidence that would be pertinent to an investigation of her death. In sum, the evidence reasonably established all the elements of felony murder and tampering with evidence.

**{¶ 18}** Thus, there was sufficient evidence to support Jackson's convictions.

*State v. Jackson, supra.*

The Tenth District applied the appropriate standard under *Jackson v. Virginia*:  was there sufficient evidence, viewed in the light most favorable to the prosecution, to prove every element of the offenses in suit?  The Magistrate Judge concludes the Tenth District's application of *Jackson v. Virginia* was reasonable and is therefore entitled to deference.

7

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 18, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #