# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

CORTEZ J. JACKSON,

                                      Petitioner,    :        Case No. 2:25-cv-795

   - vs -                                District Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Michael R. Merz

WARDEN,
 Pickaway Correctional Institution,

                                            :
                Respondent.

---

# ORDER WITHDRAWING REPORT AND RECOMMENDATIONS AND RE-SETTING REPLY DATE

---

This habeas corpus case was brought *pro se* by Petitioner Cortez Jackson to obtain relief from his conviction in the Franklin County Court of Common Pleas on charges of felony murder, tampering with evidence, and having weapons while under a disability and his consequent sentence of imprisonment for eighteen years to life. After the Ohio Supreme Court declined to review the case on direct appeal and the Tenth District Court of Appeals dismissed his App. R. 26(B) application as untimely, Jackson filed his habeas corpus Petition in this Court, pleading one ground for relief:

> **Ground One**: The trial court erred and deprived Petitioner of due process of law as guaranteed by the 14th Amendment to the U.S. Constitution and Article I, Section 8 of the Ohio Constitution by finding him guilty of murder and tampering with evidence, as those

1

> verdicts were not supported by sufficient evidence and were against
> the manifest weight of the evidence.

(Petition, ECF 3, PageID 38-43). Upon filing, the Petition was randomly assigned among the Columbus resident District Judges and then referred to Magistrate Judge Stephanie Bowman under Amended General Order 22-05. Judge Bowman ordered Respondent to answer and in the same Order set a reply date of twenty-one days after the Return of Writ and State Court Record were filed (Order, ECF No. 4, PageID 56). A copy of that Order was mailed to Petitioner the same day it was filed. Again pursuant to the referenced General Order, the Magistrate Judge reference was transferred to Magistrate Judge Merz, a recalled Magistrate Judge who mostly adjudicates habeas corpus cases. Shortly after that Magistrate Judge Merz filed a Report and Recommendations recommending the case be dismissed on the basis of the pleadings then before the Court, noting that the date for filing a reply had passed.

Petitioner's First Objection is "to the presumption that proper notice of a Reply date being set for February 27, 2026 was issued." (Objections, ECF No. 13, PageID 736). Petitioner acknowledges that a reply date was set in the Order for Answer. *Id.* Nevertheless he asserts:

> because the reply period was imbedded within the Order it is unreasonable to expect Petitioner to have recalled that the deadline - which was not issued by separate order - was twenty-one days after February 3, 2026. In fact, pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases, Petitioner was expecting to be served with an order setting a Reply date after Respondent filed the Answer/Return of Writ on February 3, 2026.

*Id.* at PageID 737. Because filing a reply is the very next step a habeas petitioner must take in litigating what, for a life-sentenced prisoner, is probably the most important litigation in his life, the Court does not agree that it is unreasonable to expect him or her to make note of that date.

Petitioner gives no basis for his expectation that the reply date would be set by separate

2

order.  Rule 5(e) of the Rules Governing § 2254 Cases merely requires the judge to set a reply date.  Setting reply dates in the Order for Answer has become the standard way those dates are set by all Magistrate Judge's in this District.

Nevertheless, to dispel Petitioner's belief that he has been treated unfairly, it is hereby ORDERED:

1. The Report and Recommendations is WITHDRAWN and

2. The reply due date is re-set to May 4, 2026.

April 8, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

3