# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

CORTEZ J. JACKSON,

                Petitioner,     :      Case No. 2:25-cv-00795

   - vs -                          District Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Michael R. Merz

WARDEN,
  Pickaway Correctional Institution,

                                 :
            Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION TO AMEND JUDGMENT

This habeas corpus case was brought *pro se* by Petitioner Cortez Jackson to obtain relief from his conviction in the Franklin County Court of Common Pleas on charges of felony murder, tampering with evidence, and having weapons while under a disability and his consequent sentence of imprisonment for eighteen years to life. The case is before the Court on Petitioner's 59(e) Motion to Alter or Amend the Judgment (ECF No. 20).

Judgment was entered in this case, dismissing the Petition with prejudice, on June 10, 2026 (ECF Nos. 17, 18). Petitioner filed his Motion to Amend by placing it in the prison mail system on July 2, 2026 (ECF No. 20, PageID 800). The Motion to Amend is therefore timely filed.

The undersigned filed a Report recommending dismissal on May 15, 2026 (ECF No. 16).

1

Petitioner was notified of the deadline for filing objections (PageID 785).  When he did not do so, for reasons he has now explained, the Court adopted the Report and dismissed the Petition.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Petitioner acknowledges this to be a correct statement of the law regarding Fed.R.Civ.P. 59(e) motions, yet he makes no argument as to why the judgment is in error as a matter of law.  In his Request For Leave To File Rule 72(B)(2) Objection To Magistrate's Report And Recommendation Instanter (ECF No. 21) he offers only his reason for being late; despite the title of the filing, he does not offer any objections "instanter."  In his Rule 59(e) Motion itself, he offers

2

no argument as to why the judgment is in error, but merely corroborates the temporarily disabling illness of his inmate assistant, Mark Hill.  Mr. Hill's Affidavit documents a serious illness requiring hospitalization.  He describes his illness as having an onset on May 24, 2026 (Hill Affidavit, ECF No. 20, ¶ 10, PageID 802); this was during the objection period on the Report.  He continues "on June 8th, [after he was discharged from the hospital] Affiant contacted Petitioner and described that the deadline to file objections had passed and that it was unlikely that they could be submitted prior to a Judgment being entered." *Id.* at ¶ 24.  Had Petitioner, either himself or through Mr. Hill, requested an extension of time to file objections, it is very likely, given the Court's usual practice that an extension would have been granted.  But no such request was made.

It is now more than a month since Mr. Hill was discharged from the hospital, but no substantive objections to the Report and Recommendations have been offered, although Mr. Hill avers he began preparing them before he became ill.  To reopen that judgment now with no substantive objections in hand would in effect be extending the time for filing under Fed.R.Civ.P. 59(e), which Fed.R.Civ.P. 6(b)(2) strictly forbids.

If Petitioner wishes to present substantive objections to the Report, which he has not yet done, he should file a motion for relief from judgment under Fed.R.Civ.P. 60(b).  But he has not shown entitlement to an amendment of the judgment under Fed.R.Civ.P. 59(e) and his instant motion should be denied.

July 15, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

3

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.