# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CORTEZ J. JACKSON,

Petitioner,

Case No. 2:25-cv-795

- vs -

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN,
Pickaway Correctional Institution,

Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 24) to the Magistrate Judge's Report and Recommendations (the Report, ECF No. 23) recommending that Petitioner's Motion to Amend the Judgment (ECF No. 20) be denied. Because motions to amend a judgment are filed post-judgment, the Court reviews *de novo* a Magistrate Judge's recommendation on such a motion.

The Report recommends denying the Motion to Amend because that Motion presents no substantive objections to the Judgment. Petitioner makes the following objections:

> **FIRST OBJECTION:** Petitioner specifically objects to the Report and Recommendations on Motion to Amend Judgment's conclusion that "he does not offer any objections "instanter"' and "no substantive objections to the Report and Recommendations have been offered."

(ECF No. 24, PageID 816). The Objections referenced by Petitioner were made in his untimely Objections to the Report and Recommendations (ECF No. 19). Because they were untimely filed

without a requested or granted extension of time to file, Petitioner is not entitled to have them considered by the Court. On July 14, 2026, the Magistrate Judge denied Petitioner leave to file late because judgment had already been entered (ECF No. 22).

The Magistrate Judge's reference in the pending Report was to Petitioner's failure to offer any substantive objections not on the merits but on why the recommendation to deny the Motion to Amend was in error.

> **SECOND OBJECTION**: Petitioner specifically objects to the Report and Recommendations on Motion to Amend Judgment's failure to consider his culpability and jurisdiction arguments presented in support of altering or amending the judgment.

(Objections, ECF No. 24, PageID 817).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)). Petitioner has not shown a clear error of law in the judgment, newly discovered evidence, or a change in controlling law. He must, therefore, show that not amending the judgment would create a manifest injustice.

Petitioner's sole ground for relief was that the evidence was insufficient for conviction. He has argued since his initial contact with police that the shooting was accidental. The Court of Appeals thoroughly reviewed the evidence and found it was sufficient. The Magistrate Judge found the Court of Appeals applied the correct legal standard and that there was sufficient evidence for the jury to convict. Habeas corpus does not provide an opportunity to re-try the case or to have the habeas court second guess the jury. Based on the evidence recited by the Court of Appeals, the Court agrees there was sufficient evidence for conviction.

Petitioner also complains the Magistrate Judge did not consider his "jurisdiction" arguments in deciding the Motion to Amend. Petitioner made no lack of jurisdiction claim in his Petition, but only an insufficient evidence claim. He made no lack of jurisdiction argument in his Motion to Amend. Even now he does not tell the Court how it is that he asserts the trial court lost or never had jurisdiction.

The Court finds Petitioner has not shown that a manifest injustice will result from not amending the judgment. Accordingly, (ECF No. 23) the Magistrate Judge's Report and Recommendation is **ADOPTED** and (ECF No. 20) the Motion to Amend the Judgment is **DENIED**. This case remains closed on the docket of this Court. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Dated: 10/14/2026

s/Edmund A. Sargus, Jr.
Edmund A. Sargus, Jr.
United States District Judge